# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| SUBURBAN PROPANE, L.P., a limited partnership,<br><br>       Plaintiff,<br><br>   vs.<br><br>NATHAN CHARETTE, an individual, NATIONAL PROPANE, LLC, a limited liability company, and DOES 1-20, inclusive,<br><br>      Defendants. | Case No. 5:26-cv-01148- KK-DTBx<br><br>District Judge: Hon. Kenly Kiya Kato<br>Magistrate Judge: Hon. David T. Bristow<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-1-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

1.     A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This Order shall be applied consistent with the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1) and shall not be construed to extend protection to information that is publicly available or generally known in the relevant industry.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, transaction documents, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-2-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     DEFINITIONS

2.1     Action:  This pending federal law suit, captioned *Suburban Propane, LP v. Nathan Charette, et al.*, Case No. 5:26-cv-01148.

2.2     Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material:  All items or information, regardless

of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This designation shall be used sparingly and only for information whose disclosure to a receiving Party would create a clearly defined and serious risk of specific business, commercial, privacy, or competitive harm that cannot be mitigated by less restrictive means.

2.9 <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>: Any named party to this Action. For purposes of access to Protected Material, officers, directors, employees, consultants, retained experts, and counsel are governed by Sections 7.2 and 7.3.

2.13 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support

services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 <u>Forensic Material</u>: Data collected from any device, system, or account pursuant to a separate stipulation, protocol, or Court order governing forensic examination in this action.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel to the extent such materials disclose, quote, or directly incorporate Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time

**Rutan & Tucker, LLP**
*attorneys at law*

3168/037471-0003
23931274.1 a06/18/26

-5-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Provided, however, that the Producing Party shall not designate the entirety of any inspection corpus as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" once produced unless each document so designated independently satisfies the standard in Section 2.8.

(b)    for testimony given in depositions that the Designating Party identify on the record, before the close of the deposition, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, a Party or Non-Party may invoke on the record (before the deposition is concluded) a right to have up to 15 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY"). Once this right to designate portions of the transcript as Protected Material has been invoked, the entire transcript, and all testimony given in the deposition, shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the 15 day period has lapsed; thereafter, only those portions of the testimony that are appropriately designated for protection within the 15 days shall be covered by the provisions of this Stipulated Protective Order, unless a Designating Party specifies that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

To the extent reasonably practicable, the Parties shall give the other Parties notice in advance if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)    If forensic examination of any Party's devices, systems, or accounts is conducted pursuant to a separate written stipulation or Court order entered in this action, Forensic Material collected thereunder which meets the standards for protection under this Protective Order may be at any time designated under this Protective Order, including as provided by such stipulation or Court order.

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-8-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Correction must be made within 15 days after the Designating Party knows or reasonably should have known of the inadvertent failure to designate. The Receiving Party shall not be liable for any disclosure or use of the material occurring before written notice of the corrected designation that would have been permitted absent the designation.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall meet and confer in good faith with the Designating Party in compliance with Local Rule 7-3 before filing any motion. If the parties cannot resolve the dispute, the Challenging Party may file a noticed motion or, if permitted by the Magistrate Judge's procedures, an informal discovery brief. Where the assigned Magistrate Judge has specific discovery dispute procedures, those procedures shall govern.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.    Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.    When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Protected Material shall not be used for any purpose other than prosecuting, defending, or attempting to settle this Action, and shall not be used for any business, competitive, regulatory, or commercial purpose.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    officers, directors, employees, or House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this action, and have signed Exhibit A;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-10-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), *unless otherwise agreed by the Designating Party or ordered by the Court.* Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that

seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity that could reasonably be construed to be a competitor of a Party from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  A Party that makes a request and provides the information specified in this paragraph may disclose the subject Protected Material to the identified Expert unless, within 3 business days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 business days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material. Failure to object within 3 business days shall be deemed consent to disclosure to that Expert.

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-12-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

(d)   the Court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)   during their depositions, witnesses in this Action who authored, received, previously possessed, or had authorized access to the specific Protected Material before this litigation, or who otherwise had access to the specific Protected Material in the ordinary course of business in connection with the events giving rise to this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.4   <u>Forensic Material</u>: To the extent any separate forensic protocol is entered in this action by stipulation or Court order, access to and use of Forensic Material shall be further governed by that protocol. In the event of any conflict between such protocol and this Order, the protocol shall control.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," that Party must:

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-13-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

(a)    Notify in writing the Designating Party within 5 business days of receipt of the subpoena or order and in any event sufficiently before the production deadline to permit the Designating Party to seek protection.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The Receiving Party shall not be required to challenge a subpoena on behalf of the Designating Party.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-14-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-15-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of either attorney-client privileged or attorney work-product material ("Privileged Material") or Protected Material alone does not constitute a waiver of any privilege or right to claim the privileged or confidential status of the documents, materials, or information produced.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review, nor modify the limitations on waiver contained in Federal Rule of Evidence 502.  This Order constitutes an order under Federal Rule of Evidence 502(d) and (e). The procedure for asserting privilege over inadvertently produced material shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party shall not use or disclose the material pending resolution of the privilege claim. If the Receiving Party disclosed the material before receiving notice, it must take reasonable steps to retrieve or sequester the material and prevent further disclosure.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Nothing in this Order shall be construed as an agreement regarding the scope,

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-16-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

necessity, or propriety of any forensic examination.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and any applicable Standing Order or Procedures of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 No Admission. Nothing in this Order, nor the designation of any material under it, constitutes an admission or evidence that any information so designated qualifies as a trade secret, is confidential or proprietary, is owned by the Designating Party, or is otherwise entitled to protection under any contract, statute, or common law.

12.5 Personal Identifying Information. In any filing or production, the Parties shall comply with Federal Rule of Civil Procedure 5.2(a) and Local Civil Rule 5.2-1 with respect to personal identifying information. Personal identifying information of non-parties shall be redacted before filing unless the unredacted information is responsive, material to a claim or defense, and proportional to the needs of the case.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26                    -17-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies remain subject to this Order for the duration set forth in Section 4 (DURATION) and shall not be used for any business or competitive purpose. Notwithstanding the foregoing, a Receiving Party shall not be required to delete material from disaster-recovery, archival, or backup systems that are not reasonably accessible in the ordinary course of business, or material that the Receiving Party is required to preserve by separate legal hold or regulatory obligation, provided that all such retained material remains subject to this Order. If the Designating Party has not made a written request within ninety (90) days after final disposition, the obligation to return or destroy under this Section is deemed waived as to that Designating Party, but all retained Protected Material remains subject to this Order.

14.    Any violation of this Order may be punished by appropriate measures, including without limitation contempt proceedings and/or monetary sanctions, taking into account the materiality of the violation, prejudice caused, whether the violation was willful, and whether cure was reasonably available. Nothing in this Order enlarges, restricts, or otherwise alters any Party's right to seek relief under the Federal Rules of Civil Procedure or applicable law for breach of this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-18-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  June 18, 2026

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS HORI
MICHAEL MALAKOUTI


By:  /s/ Lucas K. Hori
Lucas K. Hori
Attorneys for Plaintiff
SUBURBAN PROPANE, LP


Dated:  June 18, 2026


GRANT SHENON ALMARAZ,
A Professional Corporation


By:  /s/ Sarkis S. Yeretsian
ADAM D.H. GRANT
OLGA VINER
SARKIS S. YERETSIAN
Attorneys for Defendants
NATHAN CHARETTE and NATIONAL PROPANE, LLC




FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:       June 18, 2026


Magistrate Judge David T. Bristow
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Suburban Propane, LP v. Nathan Charette, et al.*, Case No. 5:26-cv-01148. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I agree that I will use Protected Material only for purposes of this Action and not for any business, competitive, regulatory, commercial, personal, or other purpose.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Rutan & Tucker, LLP
attorneys at law

3168/037471-0003
23931274.1 a06/18/26

-20-

Case No. 5:26-cv-01148
STIPULATED PROTECTIVE ORDER